Shauck, J.
Counsel for the plaintiff do not present to us their views upon any question which was controverted in the court of common pleas. The proposition which they urge upon our attention is, that because the bill of exceptions does not contain a certificate of the trial judge that it .contains all of- the evidence which was offered upon the trial of the court of common pleas, there was not presented to the circuit court a record which would, in any view of the questions considered in the court of common pleas, authorize a reversal of its judgment. Counsel for the de- *329 fendant insist that although there is no certificate to that effect, the bill of exceptions does contain all the evidence which was offered upon the trial. But the circuit court was reviewing the proceedings of a court of record and it was imperative that the judgment should stand, unless impeached by the record itself. The impracticability of inquiry upon this question beyond the record is apparent here, because counsel for the plaintiff assert that the action of the common pleas court was influenced by material evidence which was not presented to the circuit court. The absence of the certificate must be regarded as determining the question conclusively in favor of the plaintiff.
Since the circuit court could not assume that it had before it all the evidence which was offered in the court ®f common pleas, the practical question is, whether it reversed the judgment upon a ground which required a consideration of all the evidence which had been presented in the trial court. The entry of the judgment of the circuit court does not show the ground of the reversal in obedience to the requirement of Section 6709, Revised Statutes. It appears, however, from the record that the only exception taken by the defendant upon the trial was to the action of the court in directing a verdict for the plaintiff, and that all the errors assigned in-the petition in error in the circuit court relate either to that instruction or to the weight of the evidence. That instruction must, therefore, be taken to have constituted the ground of reversal. The plea of a former adjudication of the matters alleged in the cross-petition of the defendant was made in the reply, and it was *330 deemed to be traversed without further pleading. On that issue it was competent for the plaintiff to establish her right to a verdict, as a matter of law, by introducing the record of such former adjudication. The bill of exceptions affirmatively shows that a record of a former suit between the plaintiffs intestate and the defendant was offered in evidence. That it was admitted in evidence does not appear affirmatively, but in aid of the judgment which it was reviewing, the circuit court should have presumed that it was admitted and that it conclusively established the plaintiff’s plea of -a former adjudication of the matters alleged in the cross-petition. That, in view of the admissions of the answer, would have justified the trial judge in directing a verdict for the plaintiff. The circuit court, therefore, did not have before it a record which justified it in reversing judgment of the court of common pleas whatever may be the correct view upon other questions controverted in the latter court.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Price, C. J., Crew, Summers, Spear and Davis, JTJT., concur.